UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Mag. No. 06-mj-00006-JMF-60

v.

MAX OBUSZEWSKI

_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully responds to Max Obuszewski's January 1, 2006, letter to the Court,

which the Government interprets as a motion for judgment of acquittal or, in the alternative, for a

new trial, and states further as follows:

**BACKGROUND**

The evidence presented at trial established the following: on September 26, 2005, the

defendant participated in a demonstration of over 300 people that culminated on the White House

Sidewalk, a park area administered by the National Park Service, located in the 1600 block of

Pennsylvania Avenue, NW, Washington, DC, north of the White House complex property.  The

demonstrators had applied for and had been issued a permit by the National Park Service for

demonstrations on the Ellipse and in Lafayette Park.  The demonstrators specifically did not seek

a permit for a demonstration on the White House sidewalk, and no such permit was issued.

On three occasions, shortly after 1:30 p.m. on September 26, 2005, Captain Smith of the

United States Park Police gave audible warnings to demonstrators on the White House sidewalk

that they were in violation of the regulations applicable to the area, which do not allow

demonstrations without a permit in that location.  The demonstrators were instructed in each of the three warnings to leave the area or be subject to arrest.  Despite the warnings, none of the defendants who were tried in this matter left the sidewalk.   From approximately 1:40 p.m. forward, members of the Park Police began arresting the defendants who remained on the sidewalk.  Each of the defendants were charged with violating 36 C.F.R. § 7.96(g)(2) (Demonstrating Without a Permit).

On December 21, 2005, a bench trial was held in this matter before the Court.   During the trial, each of the defendants stipulated as to their identity and the fact that they were among the demonstrators on the White House sidewalk on the date in question.  Following the trial, this Court found each of the defendants guilty of Demonstrating Without a Permit in violation of 36 C.F.R. § 7.96(g)(2).   Immediately following the trial, the Court sentenced each defendant to pay a $50 fine plus a $25 processing fee.

Defendant now moves for acquittal or, in the alternative, for a new trial, asserting that the Court found him guilty despite a lack of evidence because (1) the Government's first witness, Robin Owen, "was not involved in the permit process;" (2) the Government's second witness, Captain Patrick Smith, testified that there were errors on the PD-163; (3) the Government's third witness, Officer Cynthia Barrett, allegedly admitted that there were "hundreds of people on the White House sidewalk" before the arrests at issue here, but that those individuals were not threatened with arrest; and (4) alleged "permit for the White House sidewalk was not offered until Sept. 23rd . . . [which] did not give . . . enough time to contract organizers [of the demonstration]."

**ARGUMENT**

Defendant's motion should be denied.   In ruling on a motion for judgment of acquittal, the court must consider the evidence presented in the light most favorable to the government, and uphold the conviction if the evidence so read is sufficient to permit a rational trier of fact to find all the essential elements of the crime beyond a reasonable doubt.  United States v. Kayode, 254 F.3d 204, 212 (D.C. Cir. 2001).  Furthermore, while a "court may vacate any judgment and grant a new trial if the interests of justice so requires," Fed. R. Crim. Proc. 33, "[t]he remedy for a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result." United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001) (citations omitted).  The trial court may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for a new trial.  United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997).  The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. Id. at 1118.

When viewed in the light most favorable to the government, the evidence in this matter, which is summarized above, was more than sufficient to permit the Court to find the defendant guilty of Demonstrating Without a Permit in violation of  36 C.F.R. § 7.96(g)(2).   Defendant's claims of error by the Court are unavailing.  Defendant's assertion that the Government's first witness, Robin Owen, "was not involved in the permit process" is incorrect.  Ms. Owen testified at trial that she was a long-time employee of the National Park Service's Division of Park Programs, which is the division responsible for issuance of permits on Park lands.   Indeed, at the time of the trial, Ms. Owen was Acting Division Chief of the Division of Park Programs.   Ms. Owen also testified that she was a participant in a meeting related to the permit at issue, and had reviewed the permit prior to testifying.  Based on her experience and knowledge, she had more than adequate basis to describe the permit process to the Court and to explain the scope of the

permit at issue in this case to the Court.

Defendant's second assertion that Captain Smith testified that there were errors in the PD-163 is also unavailing. Captain Smith testified that the narrative section of the PD-163 -- a document which is not even in evidence – contained an erroneous statement that the defendants were warned, prior to their arrest, that the permit at issue was revoked because of the defendants' demonstration on the White House sidewalk. In fact, as Captain Smith testified, he warned the defendants that their actions were in violation of regulations applicable to the White House sidewalk and that they must leave the sidewalk or risk arrest. As he explain, he did not warn the defendants that their permit was revoked because the defendants never had a permit to demonstrate on the White House sidewalk in the first place. Further, Captain Smith testified that the same narrative also states that the date of the violation was "9/26/06" rather than "9/26/05." Captain Smith testified that both mistakes were "cut and paste" errors which were repeated in each of the form PD-163s that were used to facilitate processing the over-300 demonstrators that the Park Police arrested on September 26, 2005. Nowhere does the defendant explain how such minor errors in a document that is not even in evidence demonstrate that he is not guilty of the charge of Demonstrating Without a Permit. Given the testimony and evidence presented at trial of his guilt, and the defendant's own stipulation concerning his identity and the fact that he was among the demonstrators on the White House sidewalk, he could not make such a showing.

Defendant's third assertion of error also fails. According to the defendant, Officer Cynthia Barrett allegedly testified that there were "hundreds of people on the White House sidewalk" on September 26, 2005, before the arrests at issue here, but that those individuals were not threatened with arrest. In fact Officer Barrett testified that, while there were a large number

of people on the White House sidewalk in the morning of September 26, 2005, they were not demonstrating in a group of 25 or more and remaining stationary on the sidewalk thereby blocking it from use by the public, as the defendants were prior to their arrest. Thus, defendant's attempt to argue, presumably, that he was the subject of unfair or unequal treatment by the Park Police officers in this case is not persuasive.

Defendant's final claim of error fares no better. According to the defendant, an alleged "permit for the White House sidewalk was not offered until Sept. 23[rd] . . . [which] did not give . . . enough time to contact organizers [of the demonstration]." The permit documents admitted into evidence, however, reflect that it was Gordon Clark, one of the demonstration's organizers, who first broached the idea of procuring a permit for the White House sidewalk in an email to the National Park Service in the morning of September 23, 2005. See Gov't Exh. 1. The evidence demonstrates that just one hour later, and without any input from the National Park Service, Mr. Clark communicated that the demonstrators were not seeking a permit for the White House sidewalk. See id. Whether Mr. Clark communicated with all the defendants prior to making this decision is not relevant. As the evidence at trial demonstrated, there was in fact no permit issued for a demonstration on the White House sidewalk. Further, the defendants were given multiple warnings immediately prior to their arrest that their presence on the White House sidewalk was in violation of the law and that those who remained on the sidewalk following the warnings would be arrested. The Government needed to demonstrate nothing more to prevail at trial.

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court deny the defendant's motion for judgment of acquittal or new trial.

Respectfully submitted,

Kenneth L. Wainstein
UNITED STATES ATTORNEY


_____

G. Michael Harvey
ASSISTANT UNITED STATES ATTORNEY
Bar No.447-465
Federal Major Crimes Section
555 4th Street, N.W., Room 4243
Washington, D.C.  20530
202/305-2195

<u>CERTIFICATE OF SERVICE</u>

        I HEREBY CERTIFY that a copy of the foregoing motion was served by U.S. mail upon the <u>pro se</u> defendant, Max Obuszewski, 3338 Gilman Terrace, Baltimore, Maryland 21211 this ___ day of January, 2006.


_____

ASSISTANT UNITED STATES ATTORNEY